UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH M. SANTOS
804 Taylor Street, #104
Washington, D.C. 20011
202-722-0549

                        Co-Plaintiff

DOROTHY PRITCHETT
2105 Second Street, N.W.
Washington, D.C. 20001
202-483-3804

                        Co-Plaintiff

    VS.                                         CIVIL ACTION NO.

SAMUEL BODMAN,
SECRETARY OF ENERGY
U.S. DEPRTMENT OF ENERGY
1000 INDEPENDENCE AVENUE, S.W.                  JURY REQUESTED
WASHINGTON, D.C. 20585

                    Defendant,

STEPHEN F. DURBIN
DEPARTMENT OF ENERGY
ENERGY INFORMATION ADMINISTRATION               Related Case:
1000 INDEPENDENCE AVENUE. S. W.                 1: 07-CV-009001 RW
WASHINGTON, D.C. 20585

                    Defendant.

            Attorney for Plaintiffs
            David B. Nolan, Esq.
            8310 Wagon Wheel Road
            Alexandria, VA 22309-2175
            (o) 703-780-1864
            DBNESQ1@aol.com

## <u>COMPLAINT</u>

COMES NOW the Plaintiffs, Joseph M. Santos and Dorothy Pritchett, to sue the

Defendants, Samuel Bodman, Secretary of the United States Department of Energy

(DOE) and Stephen F. Durbin, Director, Office of Resource Management (ORM),

Energy Information Administration (EIA) regarding their related causes of action under

similar operative facts in the Department of Energy (DOE). Through their counsel, they,

and each of them, aver as follows:

This is an action under the Civil Rights Acts of 1964 as amended in 1992, 42 U.S.C.

Section 2000e-16 *et seq.* and 1991, and the Age Discrimination in Employment Act

(ADEA) of 1967, as amended by 29 U.S. C. 631 *et seq.,* for compensatory damages,

suppression and termination of property rights and liberty interests in their respective

federal employment, wrongful denial of 5th Amendment due process guarantees under the

United States Constitution, wrongful denial of federal career advancement, appropriate

back pay and benefits, and equitable relief from the United States Department of Energy

(DOE). Plaintiffs Joseph M. Santos and Dorothy Pritchett, and each of them, have

suffered disparate agency treatment and impact as to how other non-probationary DOE

employees are treated who are not Black, who are not aged 40 to 70, and who do not have

prior EEO activity.

## DISPARATE TREATMENT

But for the prohibited discrimination on the basis of race, sex, age, and prior EEO activity, Mr. Joseph M. Santos and Ms. Dorothy Pritchett, and each of them, would not have suffered an ongoing hostile environment imposed by their reviewing official Stephen F. Durbin, the Director of the Office of Resource Management (ORM), Energy Information Administration (EIA), at the Department of Energy (DOE).  No non-Blacks, no one under age 40, and no one without prior EEO activity has been so adversely treated as described herein as they, and each of them.

But for his prohibited *animus* on the basis of race (Black), sex (male), age (52) and prior EEO activity, Defendant Stephen Durbin would not have subjected Mr. Santos to two unsuccessful fraudulent attempts and one successful fraudulent attempt to remove the plaintiff from his excepted service, non-probationary term appointment as a GS-0039-5 Student Intern (Computer Science).     Responsible Management Official (RMO) Defendant Durbin contrived to terminate the Department's contractual appointment of Mr. Santos which was to continue through plaintiff's ongoing enrollment in good standing at the University of the District of Columbia (UDC).   As condition for his term appointment agreement with the federal government through the Department of Energy, Mr. Santos maintained his required course load and grade average at all times herein mentioned.

Defendant Durbin initiated the reduction in force (RIF) that wrongfully terminated Plaintiff Santos' federal appointment on January 7, 2005. Despite his reduction in force separation in violation of DOE and OPM procedures, Mr. Santos continued the terms of his appointment and earned a degree in Computer Science from UDC in spring, 2006.

As a non-probationary excepted service employee, Mr. Santos had the reasonable expectation that his property right and liberty interest in his federal employment would be protected by 5th Amendment guarantees of due process under the United States Constitution as long as he met his part of the bargain. Defendant Durbin intentionally deprived Mr. Santos both of substantive and procedural due process guaranteed by the United States Constitution regarding Plaintiff's property right and liberty interests in his term excepted appointment following completion of his one year probationary period. The RIF of January 7, 2005, like that planned for May 2004, had no budgetary or other legitimate basis.

Before the RIF of Mr. Santos' position out of those of more than four hundred (400) other non probationary employees in EIA, Defendant Durbin wrongfully "dry desked" Mr. Santos of his ORM duties. Defendant Durbin orchestrated the reassignment of Plaintiff Santos to new duties in EIA's Office of Information Technology (OIT). In violation of OPM and DOE RIF procedures, these duties were never considered for purposes of bump and retreat regarding the January 7, 2005 RIF.

Defendant Durbin fraudulently orchestrated a reduction-in-force of Mr. Santos'

ORM/EIA position, and his alone, on January 7, 2005.   After doing so, the Department

of Energy breached its affirmative duty to abide by OPM and DOE guidance for Mr.

Santos' bump and retreat rights as a displaced employee. DOE failed in its affirmative

duty to provide priority placement for Mr. Santos following the January 7, 2005 RIF and

hired other college interns under age forty in EIA approximately both before and after the

RIF in violation of the ADEA.   Like Ms. Pritchett, Mr. Santos is a member of the

protected class of those aged between 40 and 70.

The agency has failed to provide a non-pretextual basis for its disparate treatment of

Plaintiff Santos, its violation of standard RIF procedures, and its failure to provide

priority placement for him to return to DOE employment.    In contrast, Defendant

Durbin provided priority re-entry to Sharon Y. Sutton, under age forty (40), when

Defendant Durbin rehired her for ORM/EIA after she had been terminated for leave

abuse in DOE Headquarters' Office of Policy.    Unlike Ms. Sutton, there was never any

finding of DOE employee misconduct by Mr. Santos.

But for Plaintiff Pritchett's race (Black), sex (female), age (66), and retaliation for

engaging in prior protected EEO and ADEA activity,  she would not have suffered

prohibited agency discrimination when: (1) Co-workers Paul Staller and Stephen Durbin

made age and retirement related derogatory slurs about Ms. Pritchett in official

congregations of  EIA and other DOE employees; (2) Each of Ms. Pritchett's EEO

complaints against Defendant have not been processed vigorously, sometimes not at all,

by Poli Marmelejos, the DOE Headquarters' Director, Office of Civil Rights staff,
because Stephen F. Durbin is a putative cousin of the powerful U.S. Senator Richard
Durbin of Illinois; (3) Ms. Pritchett was not provided any Human Resource, let alone
adequate training, prior to her adverse November 30, 2003 staffing into a GS-13 position
consisting of unfamiliar Human Resources duties; (4) The adverse November 30, 2003
personnel action initiated by Defendant Durbin fraudulently classified Ms. Pritchett as
outside of the DOE Headquarters bargaining unit so as to deny her negotiated grievance
procedures and Weingarten rights otherwise required by  the NTEU-DOE Headquarters
Collective Bargaining Agreement (CBA).   As a negotiator for the 2001 CBA, Defendant
Durbin exploited the current inability of an employee under the Fifth Amendment to
contest bargaining unit exclusion; (5)  Ms. Pritchett was placed in an undocumented
detail from 1997 to November 30, 2003 outside of her GS-343-13 Management Analyst
position description (PD).   This former GS-13 grade-supporting PD had the required
complexity of work and independence from supervision.  It provided that Ms. Pritchett
report to an office director, i.e. John Weiner, the GS-15 Director of the National Energy
Information Center (NEIC/EIA).  Defendant Durbin's improper demand that Ms.
Pritchett report to GS-343-14 Ms. Hall as the "supervisor" of the ORM Administrative
team undermined the Plaintiff's independence and thus her General Schedule (GS) grade;
(6)  Ms. Pritchett's application to vacancy announcements in ORM to which she was best
qualified candidate was subsequently thwarted by their retaliatory cancellation by
Defendant Durbin.   Ms. Pritchett was denied advancement to a GS-14 by Defendant
Durbin's ongoing circumvention of merit promotion principles.   Instead, Defendant
Durbin  advanced non-competitively, younger females such as Sharon Y. Sutton and the

GS-13 Monique von Alexander in ORM/EIA;  (7) Ms. Pritchett was wrongfully denied

an annual performance appraisal rating for FY 2004 when Human Resource duties were

imposed without prior education, experience, or training to perform these new tasks,

optimally;  (8) Ms. Pritchett  was denied any cash award for FY 2004 and improperly

denied the opportunity to use a "current" appraisal for advancement within EIA or the

federal service; (9) Ms. Pritchett did not receive adequate training from Defendant

Durbin on an ongoing basis from 1997 through 2006 as affirmatively required by her

1994 and 1995 EEO settlement agreements; (10) Ms. Pritchett was denied adequate

responses to her FOIA and Privacy Acts requests including access to RMO Durbin's

email correspondence regarding her and the $80,000 in EIA expenditures to contractor

Gordon Rollins to help defend RMO Durbin personally, in an Office of Special Counsel

deposition and the multiple EEO complaints filed against RMO Durbin and his hatchet

person Barbara Hall by ORM staff; (11) After November 30, 2003, Ms. Pritchett's

FOIA/Privacy Act, Congressional Liaison, and Federal Managers' Financial Integrity Act

(FMFIA) duties were transferred to Sharon Y. Sutton, an adverse act to Ms. Pritchett's

career.  Ms. Sutton is a convicted drug felon and a thirty-eight year (38) old protégé of

RMO Durbin when his illicit favoritism of her began.  Defendant Durbin, the initial

reviewing official for Ms. Sutton in EIA, allowed her to complete her one year DOE

probationary period despite her 2001 and 2002 leave abuse and legal entanglements.  In

both 2002 and 2004 Ms. Sutton gave the Prince Georges Criminal Court Defendant

Durbin's home address as her official residence.   Through RMO Durbin's assistance and

improper protection, DOE has promoted Ms. Sutton from a GS-6 to a GS-11 during her

reinstated felony probation period at a time when both Mr. Santos and Ms. Pritchett were

improperly denied career advancement.  In May 2002, Defendant Durbin illegally

separated GS-9 Carolyn E. Williams, a Black female aged Between 40 and 70, from

federal service reprisal for her EEO activity; (12) The Office of General Counsel

introduced three conflicting sworn testimonies by Ms. Pritchett's rating official, Barbara

Hall, in EEOC proceedings concerning Ms. Hall's alleged proffering to Mr. Santos a

$150 bribe giving at minimum, the appearance of a criminal violation of 18 U.S.C. 209.

The plaintiffs, and each of them, are informed and believe that his proffer was to gain

favorable testimony by Plaintiff Santos in the EEO proceedings brought by Ms. Pritchett

against Defendant Durbin; and (13) On an ongoing basis, RMO Durbin has attempted to

circumvent his affirmative duties regarding adequate training and prohibiting reprisal

regarding both the 1994 EEOC and 1995 U.S. District Court (D.C.) settlement

agreements of Ms. Pritchett with DOE.


But for the prohibited *animus* of Defendant Durbin, Ms. Pritchett's 1994 EEOC

settlement and 1995 federal court settlements would have been honored by her agency to

provide agency adequate training and to have freedom from reprisal for her prior

protected EEO activity.   Following Ms. Pritchett's promotion to a career ladder GS -343-

12/13 competitive service positions as a result of her 1994 and 1995 EEO settlements,

Defendant Durbin subjected the Plaintiff to two fraudulent and retaliatory desk audits to

reduce her general schedule (GS) grade to that of a GS-9 and to compel her retirement.

This effort failed.

Ms. Pritchett had a reasonable expectation that RMO Durbin would honor her EEO

settlements and not collaterally inhibit her advancement in reprisal for her protected EEO

activity.   No non-Black, no male, no one under age 40, and no one without prior EEO

activity has suffered Defendant  Durbin's disparate treatment of Plaintiff Pritchett.

After the unsuccessful desk audit attempts to reduce her GS grade and drive Ms. Pritchett

into retirement, Defendant Durbin subjected Ms. Pritchett to ageist slurs and ridicule for

her being of retirement age.    RMO Durbin, in violation of merit protection principles,

denied Ms. Pritchett advancement to a GS-14 by canceling ORM vacancy

announcements to which she applied and instead promoted younger females in EIA

without vacancy announcements.   The Plaintiffs are informed and believe that Ms.

Sutton's meteoric rise from a GS-6 to a GS-11 was only made possible by removal and

transfer of Ms. Pritchett's complex duties to Sutton to the detriment of Ms. Pritchett's

career.

Defendant Durbin  treated Ms. Pritchett disparately and adversely as to how he provided

adequate training and job advancement to those in EIA who were white, under age 40,

and those without prior EEO activity.    The younger Ms. Sutton received college courses

and other training in a failed attempt to justify rising five GS levels from 2002 to present.

### DISPARATE IMPACT

Plaintiff Pritchett has a pending request with the Office of Federal Operations to have Mr.

Santos and she represent the class of Blacks, those aged 40 to 70, and those with prior

EEO activity who have been the recipients of Defendant Durbin's prohibited discrimination at DOE.

The Plaintiffs, and each of them, are informed and believe that Defendant Durbin was terminated in 1992 as a supervisor in DOE Headquarters' Office of Policy for prohibited discrimination against Blacks. Office of Policy staff members petitioned DOE Secretary Hazel O'Leary for his removal. A similar effort to remove Mr. Durbin was made by EIA employees in the 1995 to 1997 time period to remove Defendant Durbin as the Director of ORM. Ms. Pritchett did not sign the EIA petition because she wanted to give Defendant Durbin a chance to change his rumored proclivities and did not want to pre-judge him based upon the strong views of other Blacks at DOE headquarters.

Since becoming the Director of ORM in 1995, RMO Durbin continued his prior pattern of imposing adverse disparate treatment upon those who were Black, those 40 and over, and those with prior EEO activity. Moreover, RMO Durbin imposed an adverse disparate impact upon Blacks, those 40 and over and those with prior EEO activity for not only Mr. Santos and Ms. Pritchett, and each of them, but to the class of others in EIA with those attributes.

Plaintiff Santos was subjected to sexual harassment by his supervisor, Barbara Hall, because of his sex (male). Upon rejection of Ms. Hall's invitation to attend her daughters' birthday party, the alleged discriminating official (ADO) Ms. Hall became RMO Durbin's hatchet person against Mr. Santos. The Plaintiffs, and each of them, are

informed and believe that Mr. Santos, a black male, was perceived by RMO Durbin, to be
male rival to the affections of Ms. Sutton, a black female.   The Plaintiffs, and each of
them, believe that Ms. Hall felt that if the white male supervisor could have a lover in the
work place, so should she.   The Plaintiffs, and each of them, are informed and believe
that Defendant Durbin may have sought reprisal against Leo "Lenny" Conrad, Carolyn E.
Williams, and Plaintiff Santos, for thinking that they tipped off DOE Security and police
leading to Ms. Sutton's 2002 arrests for fourteen (14) ounces of cocaine for sale, cocaine
possession, and possession of cocaine paraphernalia in a motel room in Prince Georges
County.

Ms. Pritchett, who was unsuccessfully provoked by Ms. Hall to be insubordinate,
suffered ongoing hostile environment from Ms. Hall and Defendant Durbin that held
back her career.  The effects of continued harassment and the threats to her federal career
made Plaintiff Pritchett physically ill so as to require her to seek medical care for high
blood pressure and nervous stress.
.

## JURISDICTION

This Court has jurisdiction pursuant to Title VII of the Civil Rights Act 42 U.S.C. Section
2000(e) et seq. "(Title VII") as amended by the Civil Rights Act of 1966, 1972, and 1991,
the Age Discrimination in Employment Act,  and 28 U. S. C. 1331.  This action is
predicated on formal complaints of discrimination timely filed by the Plaintiffs, and each
of them, with DOE's Office of Civil Rights, the Equal Employment Opportunity
Commission Office, and the Office of Federal Operations (OFO) at the EEOC.  The

Plaintiffs, and each of them, have exhausted their administrative remedies after filing all complaints more than 180 days ago.

Plaintiff Santos' consolidated matters herein are appealed from the EEOC Office of Federal Operations/EEOC include request 05A60422, Appeal NO. 01A54574, Agency 04-4958, EEOC petition 03A60007, and the EEOC remand to DOE for compliance. Plaintiff Pritchett seeks consolidation of related pending matters that include EEOC Appeal 01200700566,  Agency case 06-0066-HQ-EIA,  EEOC Appeal 01A408809, Request 05A40832, Civil Action 1:04:CV00090, and Agency EEO counselor reports of June 26, 2006 and February 6, 2007 which have each not been timely or adequately investigated by DOE, and the OFO/EEOC remand to DOE for compliance.

## **VENUE**

The unlawful employment practices alleged herein occurred within the District of Columbia where each Plaintiff was employed at Department of Energy Forrestal Headquarters in Washington, D.C.  Each Plaintiff is a resident of the District of Columbia.

## **PARTIES**

Plaintiff Joseph M. Santos is a black male aged between 40 and 70 who was employed at the United States Department of Energy in 1999 until his involuntary separation on January 7, 2005.   Plaintiff Dorothy Pritchett is a black female aged between 40 and 70 who has been employed at the U.S. Department of Energy since its founding on October

1, 1977.    Despite nearly four decades of distinguished DOE and prior federal service,

the agency has denied Ms. Pritchett her ten year, twenty year, thirty year and forty year

pins.

Defendant Samuel Bodman is the Secretary of the United States Department of Energy, is

responsible for all actions of the United States Department of Energy.  He is the employer

within the meaning of Title VII.

Defendant Stephen F. Durbin is the Director of the Office of Resources Management of

the Energy Information Administration.    Mr. Durbin, a GS-15, sought and obtained a

unique delegation of personnel management, staffing, and classification, authority from

DOE Personnel Official, Asa "Bud" Hardison, upon the latter's retirement.  Until this

delegation to violate the rights of targeted EIA employees was removed  from him,

Defendant could commit prohibited personnel practices against Blacks, those aged 40 to

70, those with prior EEO activity, and gays with little if any oversight by personnel

authorities.

The Department of Energy prevents work place discrimination against homosexuals.

The plaintiffs, and each of them, are informed and believe that Defendant Durbin has

discriminated against a male homosexual subordinate who witnessed the Director of

Resource Management receiving oral sex in his office, after job hours, from a Black

female subordinate.    When startled, Defendant Durbin allegedly exclaimed, that the

younger female subordinate was on her knees "looking for paper clips." The plaintiffs are

informed and believe that Defendant Durbin uses DOE's delegated powers to abuse and degrade Blacks and targeted females.

Mr. Durbin created for himself this "pilot" personnel authority in order to further his reprisal schemes against, the plaintiffs, and each of them.   RMO Durbin's seeking such irregular power reflects prohibited *animus* against Blacks, those aged 40 to 70, and those with prior EEO activity.

After numerous EEO complaints were made against him in the early 1990's, RMO Durbin was removed from his managerial duties within the Office of Policy at DOE Headquarters.   The Plaintiffs are informed and believe, that Secretary Hazel O'Leary instructed that RMO Durbin would never again be allowed to be a manager at DOE.

RMO Durbin was reassigned to EIA as a non supervisory GS-15 employee. Despite his past poor EEO record, RMO Durbin again became a supervisor in EIA.   The Plaintiffs, and each of them, are informed and believe that RMO Durbin had previously worked at the Department of Education and at the Office of Personnel Management.

RMO Durbin hired a contractor named Gordon Rollins, a male Caucasian, using EIA funds to provide personal legal advice to Mr. Durbin regarding numerous Title VII violations and EEO cases brought against him by employees he supervised, for damage control.  The Plaintiffs are informed and believe that the majority of $80,000.00

authorized for Mr. Rollins was actually paid to him for these improper personal services

regarding pending EEO and Office of Special Counsel actions against Mr. Durbin.

### BURDEN OF PROOF UNDER MCDONNEL DOUGLAS v. GREEN

The Plaintiffs and each of them, have each, respectively, established a *prima facie* case of

prohibited discrimination, as described herein, on the basis of race, sex, age, and prior

EEO activity.   The agency has failed to provide a non-pretextual basis for the disparate

treatment of the Plaintiffs, and each of them.

After Plaintiff Santos' formal complaint raised sexual harassment against him by his

immediate supervisor, Defendant Durbin targeted him for involuntary separation from

federal service.  After Plaintiff Pritchett was forced to go to federal court in 1995 to

support her 1994 EEOC settlement for promotion, Defendant Durbin subsequently

targeted her to reduce fraudulently her GS grade to two levels below the GS-11 level to

which she was assigned at the time of her EEO filing.   Defendant Durbin place the

plaintiffs, and each of them, in an ever-increasing hostile environment, following their

protected EEO activity.

The agency has failed to provide a non-pretextual basis for its ongoing disparate

treatment of the Plaintiffs, and each of them, from how other DOE Headquarters

employees are treated and those who have been separated through a reduction in force.

The Plaintiffs are informed and believe that DOE Headquarters riffed the entire sixty member Office of Science and provided the opportunity for bump and retreat rights to fifty-nine of these employees, except for the targeted individual supervisor of that office.

No white, no one under age 40, and no one without prior EEO activity was targeted for federal service separation by RMO Durbin as were Plaintiff Santos or Carolyn E. Williams.  Ms. Williams recently filed a discrimination complaint in 1:07-CV-009001 RW with Judge Reggie Walton at the U.S. District Court for the District of Columbia.

There was no basis for Ms. Hall and Defendant Durbin to terminate Mr. Santos' employment in October 7, 2003 under the false aspersion that he had not complied with all college matriculation requirements at UDC to remain in the SCEP Departmental Program.    There was never any FY 2004 budget or other necessity to target Mr. Santos in February 2004 for a reduction-in-force in May 2005.    There was never any FY 2005 budget necessity to target Mr. Santos and effectuate a  RIF of one GS-5 position among over 400 employees in EIA on January 7, 2005.  The Plaintiffs are informed and believe that there have been no other RIFs in EIA in its history of nearly forty years.

Mr. Santos was sexually harassed by his immediate supervisor Barbara Hall.  The Plaintiffs are informed and believe that Ms. Hall felt that she should hire and control a subordinate employee for her sexual satisfaction just as RMO Durbin had rehired Sharon Y. Sutton for his personal sexual desires.

16

Unlike other employees in the SCEP program, Mr. Santos was denied tuition assistance at UDC. Ms. Sutton had college courses paid for her by the Director of the Office of Resource Management, who controlled all budget and training resources for all EIA.

Defendant Durbin detailed Mr. Santos from the Office of Resource Management (ORM/EIA) to the Office of Information Technology (OIT/EIA) when he reported the sexual harassment of by the divorced and lonely Ms. Hall, Defendant Durbin's hatchet person. In 1999, Ms. Hall found Plaintiff Santos to be physically attractive and decided to hire him. Mr. Santos thus became the sole male on Ms. Hall's ORM Administrative Team. In addition to his physical attractiveness, Ms. Hall liked Mr. Santos' worldly flare as a tri-lingual native born Cape Verde Islander and naturalized U.S. citizen educated in Lisbon, Portugal.

Sharon Y. Sutton's 2002 felony conviction in Prince Georges County, Maryland is found in *Case Number CT010308B.* Instead of Ms. Pritchett, Ms. Sutton now prepares EIA's annual FMFIA report for internal controls to Congress.

The Plaintiffs, and each of them, have been treated adversely as to how Defendant Durbin has advanced the career of Ms. Sutton, despite her many legal and other shortcomings. Defendant Durbin has jeopardized DOE's national security mission and nuclear deterrence by exposing the agency Headquarters to someone of her proclivities, especially during time of war.

The Plaintiffs are informed and believes that Ms. Sutton was age thirty-eight (38) when she began receiving disparate favorable treatment to that of the Plaintiffs, and each of them.    Unlike Ms. Sutton who was allegedly fired from DOE for leave abuse in the 1990's, the Plaintiffs, and each of them, have no such leave abuse, drug or other arrest record, or substance abuse.

Unlike Ms. Sutton, the Plaintiffs, and each of them, have never provided false information to any government authority or business.   Sharon Y. Sutton falsely gave the name of her daughter, Jherron Sutton, upon her arrest.    The Plaintiffs are informed and believe that  Sharon Y. Sutton has given different birth dates and social security numbers to government authorities and businesses, perhaps in part to mislead creditors who sought to garnish her federal salary for debt.  Despite her deceptive efforts, creditors having tracked down Sharon Y. Sutton to DOE Headquarters on or about December 23, 2006 to garner her federal salary.   Defendant Durbin ensured Ms. Sutton's promotion to increase his household income instead of taking any corrective action to protect DOE.

One of Ms. Sutton's aliases is "Jherron von Sutton."   Monique von Alexander, whom Defendant Durbin also promoted, non-competitively, to a GS-14, oversaw ORM training for Defendant Durbin after he contrived the firing of GS-9, Carolyn E. Williams, who performed training coordination during her ORM employment.

The Plaintiffs are informed and believe that Sharon Y. Sutton plea bargained to a single felony count of cocaine possession and was placed on probation in 2002, despite a prior

conviction for shoplifting.  The Plaintiffs are informed and believe that shortly thereafter Ms. Sutton refused to take a mandatory drug test as a condition of her probation.   When she was compelled to take it while living with Defendant Durbin, she failed the drug test and her probation was revoked.

The Plaintiffs are informed and believe that Defendant Durbin, the former supervisor of Sutton Y. Sutton, allowed Ms. Sutton to commit extended leave abuse in ORM in both 2001 and 2002.   Defendant Durbin may have cared more about income for his household than the security of his agency Headquarters and the well being of federal employees to known drug traffickers.

The Plaintiffs are informed and believe that Mr. Durbin, with whom Ms Sutton has cohabitated from 2002 to present, has violated national security by allowing Ms. Sutton to continue drug abuse while employed in a critical agency in our nation's war against terror that keeps stockpiles of nuclear weapons.  As the Director of budget and personnel resources for EIA, Mr. Durbin later moved Ms. Sutton from his immediate supervision to the National Energy Information Center (NEIC) in EIA.

This transfer occurred prior to November 30, 2003 when Ms. Pritchett's highly sensitive GS-13 duties of Congressional Liaison, FOIA/Privacy Act, and Federal Managers Financial Integrity Act (FMFIA) coordination were removed from the Plaintiff for Ms. Sutton's benefit.   Ms. Pritchett's career was sacrificed to promote Defendant Durbin's household income through Ms. Sutton, a convicted drug felon.

Defendant Durbin has entrusted Ms. Sutton with the EIA's contribution to the DOE

Secretary's FMFIA annual report to Congress regarding Eva's internal controls.  This

highly sensitive function was transferred to a serial drug user with an ongoing record of

evasion of truth to creditors.   Defendant Durbin has entrusted internal controls to

someone easily compromised not to report moderate or greater vulnerabilities regarding

internal controls for waste, fraud, and abuse.


Defendant Durbin did not rate the annual performance of Ms. Sutton and Ms. Maples at

or below marginal when they returned to work after November 19, 2001.  However,

Durbin consistently rated the annual performance of Plaintiff Santos unfairly at the

marginal for FY 2000 and FY 2001.


Despite his affirmative duty to do so, Defendant Durbin did not rate Plaintiff's job

performance for FY 2002 or FY 2003, as Mr. Santos' reviewing official of record.   This

failure by Defendant Durbin, deliberately interfered with Mr. Santos' ability to find

permanent employment elsewhere, even now, Mr. Santos did not have a current

performance appraisal.

.

In her annual FMFIA reports from 2000 to 2002, inclusive, Ms. Pritchett raised the EIA

internal controls vulnerability to Defendant Durbin.   ORM employee Sharon Maples

Lewis used her agency contracts credit cards twice for personal purchases.  Defendant

Durbin did not take action in FY 2000 or FY 2001, despite having the affirmative duty to

do so.   Only in FY 2002, did Defendant Durbin provide corrective training to Ms.

Sharon Maples Lewis.   After Ms. Pritchett's disclosures, Defendant Durbin subsequently

transferred FMFIA responsibilities to his convicted felon protégé.

Defendant Durbin did not discipline the younger black female Sharon Maples Lewis for

her alleged misconduct.   However, he orchestrated the involuntary separations of

Plaintiff Santos and Carolyn E. Williams, who each had no record of any misconduct.

Ms. Barbara Hall's "supervisory" authority was removed over Mr. Santos after she

sexually harassed the Plaintiff.   EIA Administrator, Guy Caruso, at the urging of

Defendant Durbin, placed Ms. Hall, personally, as coordinator of the secretive February

2002 plan to RIF Plaintiff Santos in May 2004.

The Plaintiffs are informed and believes that Ms. Hall was arrested in Virginia, her home

state, for driving while intoxicated.   However, Defendant Durbin treated Ms. Hall

disparately with favored annual cash awards in each year that his hatchet person violated

the rights of Blacks with prior EEO activity, including Plaintiffs Santos and Pritchett.

Defendant Durbin removed Ms. Hall's supervisory authority as the team leader of

Orem's Administrative Team, shortly prior to her retirement.     The Plaintiffs are

informed and believe that Defendant Durbin needed a scapegoat when Ms. Hall under

oath in Carolyn E. Williams' EEOC proceedings swore to three conflicting versions of

her highly irregular proffer of cash to Mr. Santos, i.e. (1) is was a "gift," (2) the transfer

in violation of 18 U.S.C. 209 never happened, and (3) it was a "loan."

Defendant Durbin arranged for Ms. Hall to be designated the "Diversity Manager" for the

EIA Departmental element of over four hundred employees.   Ms. Hall provided cover to

Defendant Durbin to enable his retaliation against those with prior EEO activity and to

send a chilling effect among other minorities not to file EEO cases.

The Plaintiffs are informed and believe that Ms. Hall had a budget of $100,000.00 from

the date of her hiring around 1994 to year 2000.  The Plaintiffs are further informed and

believes these funds were available for historically black colleges and university

programs, such as UDC.   When plaintiff Santos refused Ms. Hall's demand to take

Hall's side in her unsuccessful provocations to invoke insubordination by Ms. Pritchett,

Ms. Hall sarcastically scolded Plaintiff Santos, "Thanks for covering my back."    After

this incident, Defendant Durbin ended all tuition assistance to Plaintiff Santos, although

females younger than age 40 received such educational support in EIA.

Mr. Durbin rated all the performance elements of Ms. Georgia (Dolly) Collier

performance plan with zeros when she refused to rate the annual performance of Mr. Leo

Conrad, III unfairly low, as Defendant Durbin instructed her to do.  Similarly, Ms. Hall

rated unfairly low the annual performances of the Plaintiffs until Defendant Durbin

removed Ms. Hall from her supervisory duties, despite her consistently following his

orders.

In this hostle ORM work environment, Ms. Collier suffered a heart attack.  She

subsequently retired from her job as the supervisor of ORM's Contracts Team.  Ms.

Collier, a Native American Indian was over the age of 50, at the time of her disparate

treatment as a minority.  This disparate impact against minorities in ORM occurred prior

to Plaintiff Santos being fired by Mr. Durbin.

The Plaintiffs are informed and believe that Mr. Leo "Lenny" Conrad, a white male,

brought one or more prohibited personnel practice complaints to the Office of Special

Counsel (OSC) against Defendant Durbin.    Mr. Santos and Ms. Pritchett are further

informed and believe that that the OSC deposed Mr. Durbin.

In retaliation for Mr. Conrad's whistle blowing disclosures and the OSC investigation,

Defendant Durbin rated the performance of Mr. Conrad unfairly low as his reviewing

official.   In retaliation for Ms. Pritchett's EEO testimony for Mr. Conrad, Mr. Santos and

Ms. Williams, Defendant Durbin has rated Ms. Pritchett's annual performance ratings as

unfairly low and refused to provide Plaintiff Pritchett any duties away from his

supervision.    While Mr. Conrad's two requests for a detail have been granted, Ms.

Pritchett's requests as a Black female to be away from ORM's hostile environment have

been denied.

The Plaintiffs are informed and believe that after Ms.  Collier approved adequate training

for her white male subordinate, Lenny Conrad, RMO Durbin rated each of Ms. Collier's

annual performance elements as zero.   Both Mr. Santos and Ms. Pritchett have been

denied meaningful training that would optimize performance of new duties Defendant Durban assigned to them.

The termination of Plaintiff Santos' employment and salary did not further the "efficiency of the service."   In the year of an alleged FY 2002 budget shortage as declared by EIA Administrator Guy Caruso at the urging of Defendant Durbin, EIA had a budget surplus of approximately one half million dollars.   There was no budget or other determination to justify any reduction in force of Mr. Santos' position in FY 2003 when numerous student interns and others were added to the EIA payroll.

### Damages

As a result of the aforementioned conduct, Plaintiff Santos has suffered a loss of federal employment since January 7, 2005.   Plaintiffs Santos and Pritchett have each lost promotion(s), wages, and benefits by the willful actions of Defendant Durbin.   The Plaintiffs, and each of them, have suffered from severe stress, anxiety, emotional pain, mental anguish, humiliation, and embarrassment, as the result of the intentional behavior by Defendant Durbin to inflict emotional distress.

### COUNT ONE

### Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964 as amended and the Civil Rights Act of 1992

The Plaintiffs repeat each and every allegation in this Complaint as if specifically set forth.

Through the above-described acts and conduct, Defendant Durbin has discriminated against Plaintiff Pritchett on the basis of her race by denying each

promotional opportunity and threatened her federal career because of her protected EEO activity. Plaintiff Santos suffered an actual termination of his employment and Plaintiff Pritchett has suffered a constructive termination on November 30, 2003 of her GS-343-13 Management Analyst duties in violation of Title VII of the Civil Rights Act of 1964, as amended and the Civil Rights Act of 1991 and the ADEA. Each Plaintiff has had a reasonable expectation of 5th Amendment due process guarantees as non-probationary federal employees. The DOE Office of Civil Rights continues to protect Defendant Durbin by its failure to accept ongoing violations of her 1994 and 1995 settlement agreements which it has the affirmative duty to protect. Ms. Pritchett has duly noted for the EEOC and federal court record failure of the Office of Civil Rights to provide adequate EEO counselors and investigators for each of her formal complaints.

Plaintiff Durbin engaged in the above-described discriminatory acts and conduct against the Plaintiffs, and each of them, with malice and/or reckless indifference toward their rights under Title VII of the Civil rights Act of 1964, as amended and the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1967, Sections 621, 622 and Section 623.

WHEREFORE, the Plaintiffs, and each of them, pray that this Court:

a.    Declare Defendant Durbin's conduct to violate the civil rights of Plaintiffs, and each of them;

b.    Restore Plaintiff Santos' federal employment,

c.    Enjoin Defendant Durbin from imposing a hostile environment upon the Plaintiffs, and each of them,

d.      Award Plaintiff Santos lost wages and promotion benefits,

e.      Award Plaintiff Santos appropriate compensatory damages of $300,000,

f.      Award Plaintiff Santos his costs and reasonable attorneys' fees,

g.      Award Plaintiff Santos such other and future relief as may be deemed just and proper,

h.      Award Plaintiff Pritchett promotion to a GS-14 with back pay to the November 30, 2003 retaliatory removal of former Management Analyst duties from her,

i.      Award Ms. Pritchett appropriate compensatory damages,

j.      Reimburse Ms. Pritchett for over $10,000 in medical expenses,

k.      Provide Ms. Pritchett an adequate Individual Development Plan (IDP),

l.      Award Ms. Pritchett her costs and reasonable attorney fees,

m.      Provide Ms. Pritchett a two year agency funded detail to the private or public sector job of her choice with an option to renew for another two years, and

n.      Provide each Plaintiff outstanding performance appraisal ratings for each fiscal year since 1998, and

o.      Award Ms. Pritchett such other and future relief as may be deemed just and proper.

## <u>COUNT TWO</u>

### <u>Sexual Discrimination in Violation of Title VII of the Civil Rights Act of 1964 as amended and the Civil Rights Act of 1991</u>.

The Plaintiffs repeat every allegation in this Complaint as if fully set forth. .

Through the above-described acts and conduct, RMO Durbin has discriminated against the Plaintiffs, and each of them, on the basis of their respective genders by the imposition of an ongoing hostile environment, by denying both promotional opportunities, threatening both regarding their federal careers because of protected EEO activity in violation of Title VII of the Civil Rights Act of 1964, as amended and the Civil Rights Act of 1991.

Defendant Durbin engaged in the above –described discretionary acts and conduct against Plaintiffs with malice and/or reckless indifference toward rights of the Plaintiffs, and each of them, under Title VII of the Civil rights Act of 1964, as amended and the Civil Rights Act of 1991.

WHEREFORE, the Plaintiffs pray that this Court:

a.   Declare Defendant Durbin's conduct to be in violation of  civil rights of Plaintiffs, and each of them,

b.   Enjoin Defendant Durbin from engaging in such conduct as harassment against them because of their gender,

c.   Award Plaintiffs, and each of them, lost wages, promotion(s) benefits and reinstatement.

d.   Award Plaintiffs, and each of them,  appropriate compensatory damages;

e.   Award Plaintiffs, and each of them, costs and reasonable attorneys' fees; and

f.   Award Plaintiffs, and each of them, such other and future relief as may be deemed just and proper.

## COUNT THREE

### Violation of the Age Discrimination in Employment Act (ADEA)

The Plaintiff repeats every allegation of paragraphs of this Complaint as if fully specifically set forth.

Through the above-described acts and conduct, RMO Durbin has discriminated against the Plaintiffs, and each of them, on the basis of their age by denying each promotional opportunities and making threats to their federal careers because of their respective protected ADEA activity,

Defendant Durbin engaged in the above–described discriminatory acts and conduct against the Plaintiffs, and each of them, with malice and/or reckless indifference toward Plaintiff's rights under the Age Discrimination in Employment Act of 1967, Sections 621, 622 and 623.

WHEREFORE, the Plaintiffs pray that this Court:

a.     Declare Defendant Durbin's conduct to be in violation of Plaintiff's civil rights;

b.     Enjoin Defendant Durbin from engaging in such conduct as harassment because of their Protected EEO activity, sex, and prior EEO activity.

c.     Award Plaintiffs, and each of them, respective lost wages, promotion(s), benefits and reinstatement to positions before prohibited discrimination,

d.   Award Plaintiffs, and each of them,  appropriate compensatory damages,

e.   Award Plaintiffs, and each of them costs and attorney's fees, and

f.   Award Plaintiffs, and each of them, such other and future relief as may be deemed just and proper.

**COUNT FOUR**

**Agency Reprisal for Protected EEO Activity**

The Plaintiffs repeat each and every allegation of this complaint as if fully set forth.

Defendant Durbin has violated Title VII and the ADEA by his ongoing reprisal against

the Plaintiffs, and each of them, for their respective participation in protected EEO and

ADEA activity.

WHEREFORE, the Plaintiffs pray that this Court:

a.   Award compensatory damages to each Plaintiff of $300,000

b.   Award back pay and benefits,

c.   Award reasonable attorney fees and costs, and

d.   Provide such other relief as is just and proper,


Respectfully submitted,


David B. Nolan, Esq.
8310 Wagon Wheel Road
Alexandria, VA 22309
(703) 780-1864
DC Bar #379804



Attachment 1.  Right to Sue Notices

Attachment 2  Recent Counselor Report Summaries

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Joseph M. Santos,
Complainant,

v.

Samuel W. Bodman,
Secretary,
Department of Energy,
Agency.

Request No. 05A60422

Appeal No. 01A54574

Agency No. 04-4958

<u>DENIAL</u>

Complainant timely requested reconsideration of the decision in *Joseph M. Santos v. Department of Energy*, EEOC Appeal No. 01A54574 (January 4, 2006).[1] EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A54574 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

---

[1] We note that complainant also requested reconsideration on the Commission's decision on EEOC Petition No. 03A60007 regarding a Final Order issued by the Merit Systems Protection Board. However, the regulations do not provide for reconsideration on a Petition for Review decision. As such, we do not entertain complainant's request as it pertains to EEOC Petition No. 03A60007.

2                                                        05A60422

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").
FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

FEB 2 8 2006

Date

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Joseph M. Santos,
Complainant,

v.

Samuel W. Bodman,
Secretary,
Department of Energy,
Agency.

Request No. 05A60422

Appeal No. 01A54574

Agency No. 04-4958

DENIAL

Complainant timely requested reconsideration of the decision in *Joseph M. Santos v. Department of Energy*, EEOC Appeal No. 01A54574 (January 4, 2006).[1] EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A54574 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

---

[1] We note that complainant also requested reconsideration on the Commission's decision on EEOC Petition No. 03A60007 regarding a Final Order issued by the Merit Systems Protection Board. However, the regulations do not provide for reconsideration on a Petition for Review decision. As such, we do not entertain complainant's request as it pertains to EEOC Petition No. 03A60007.

2                                                                05A60422

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

FEB 2 8 2006
_____
Date



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**

Joseph M. Santos,
Complainant,

v.

Samuel W. Bodman,
Secretary,
Department of Energy,
Agency.

Request No. 05A60422

Appeal No. 01A54574

Agency No. 04-4958

<u>DENIAL</u>

Complainant timely requested reconsideration of the decision in *Joseph M. Santos v. Department of Energy*, EEOC Appeal No. 01A54574 (January 4, 2006).[1]  EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A54574 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

---

[1]  We note that complainant also requested reconsideration on the Commission's decision on EEOC Petition No. 03A60007 regarding a Final Order issued by the Merit Systems Protection Board. However, the regulations do not provide for reconsideration on a Petition for Review decision. As such, we do not entertain complainant's request as it pertains to EEOC Petition No. 03A60007.

2                                                     05A60422

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").
FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

FEB 2 8 2006
_____
Date



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Joseph M. Santos,
Complainant,

v.

Samuel W. Bodman,
Secretary,
Department of Energy,
Agency.

Request No. 05A60422

Appeal No. 01A54574

Agency No. 04-4958

## DENIAL

Complainant timely requested reconsideration of the decision in *Joseph M. Santos v. Department of Energy*, EEOC Appeal No. 01A54574 (January 4, 2006).[1] EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A54574 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

---

[1] We note that complainant also requested reconsideration on the Commission's decision on EEOC Petition No. 03A60007 regarding a Final Order issued by the Merit Systems Protection Board. However, the regulations do not provide for reconsideration on a Petition for Review decision. As such, we do not entertain complainant's request as it pertains to EEOC Petition No. 03A60007.

2                                          05A60422

## <u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## <u>RIGHT TO REQUEST COUNSEL</u> (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").
FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

FEB 2 8 2006

Date

3                                                    05A60422

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Joseph M. Santos
804 Taylor St NW
#105
Washington, DC  20011

David B. Nolan
8310 Wagon Wheel Rd
Alexandria, VA  22309


Poli Marmolehos, Deputy Director
Office of Civil Rights
Department of Energy
1000 Independence Ave., SW  4B-112 Forr
Washington, DC  20585

FEB 2 8 2006
_____
Date

_____
Equal Opportunity Assistant



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Dorothy Pritchett,
Complainant,

v.

Samuel W. Bodman,
Secretary,
Department of Energy,
Agency.

Appeal No. 0120070566

Agency No. 06-0066-HQ-EIA

<u>DISMISSAL OF APPEAL</u>

By Notice of Appeal postmarked November 9, 2006, complainant filed an appeal with this Commission from the August 9, 2006 final agency decision (FAD) dismissing her EEO complaint of unlawful employment discrimination alleging violations of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*

In an EEO complaint filed on July 13, 2006, complainant alleged discrimination on the bases of her sex, race (African American), age (65) and retaliation for engaging in prior protected activity when:  (1) a coworker made an age-related comment at an office reception; (2) a previously filed EEO complaint was improperly processed;  (3) she was not provided training for a human resources reassignment;  (4) she was reassigned in November 2003 affecting her union rights; (5) she was placed in an undocumented detail from 1995 to 2003; (6) an open position in NEIC was not posted; (7) she was not promoted to GS-14; (8) she was not provided with a FY 2004 performance appraisal; (9) she did not receive adequate training; (10) her FOIA request was denied; (12) a management official provided alleged false testimony in a former coworker's EEO complaint; and (13) her 1994 and 1995 settlement agreements were violated.[1]  In a FAD issued on August 9, 2006, the agency dismissed the complaint on a variety of grounds pursuant to 29 C.F.R. § 1614.107(a).

---

[1]  The Commission notes that in *Pritchett v. Department of Energy*, EEOC Appeal No. 01A40809 (May 5, 2004), reconsideration denied, Request No. 05A40832 (April 28, 2005), an earlier appeal was dismissed concerning the enforcement of these same 1994 and 1995

2                                                     0120070566

The record establishes that complainant received the FAD on August 14, 2006, as evidenced by a signed certified mail return receipt. Moreover, complainant's attorney also appears to have received the FAD on the same date, as evidenced by the notation "Rec'd 8-14-06" on a copy of the FAD he submitted when filing the instant appeal. A review of the FAD reveals that the agency properly advised complainant, in writing, that she had thirty (30) calendar days after receipt of its final decision to file her appeal with the Commission. Therefore, in order to be considered timely, complainant had to file her appeal no later than September 13, 2006. The instant appeal was not filed until November 9, 2006.

Complainant has not offered adequate justification for an extension of the applicable time limit for filing her appeal. Accordingly, complainant's November 9, 2006 appeal is hereby dismissed. *See* 29 C.F.R. § 1614.403(c).

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.      The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.      The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

---

settlement agreements because complainant filed a civil action (identified as Civil Action No. 1:04:CV00090) in the United States District Court for the District of Columbia raising the identical matter. *See* 29 C.F.R. § 1614.409.

3                                                    0120070566

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

MAY 1 5 2007
_____
Date

4                                              0120070566

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Dorothy Pritchett
2105 Second St NW
Washington, DC 20001

David B. Nolan
Law Offices of David B. Nolan
8310 Wagon Wheel Road
Alexandria, VA 22309

Poli Marmolejos, Director
Office of Civil Rights
Department of Energy
1000 Independence Ave., SW 4B-112 Forr
Washington, DC 20585

MAY 1 5 2007
Date

Equal Opportunity Assistant

# EEO COUNSELOR'S REPORT

# ELSA N. TRAVERS

**EEO COUNSELOR'S REPORT**
29 C. F.R. Section 1614.105(c)

1.     **AGENCY**

Department of Energy (DOE)

2.     **COMPLAINANT INFORMATION:**

**Name:**                          Ms. Dorothy M. Pritchett

**Home Address:**                  2105 2nd Street, NW.
                                   Washington, DC.  20001

**Home Phone:**                    (202) 483-3804

**Work Phone:**                    (202) 586-1110

**Job Title/Series Grades:**       Program/Management Analyst, GS-0343-13/7

**Organization:**                  Office of Resource Management
                                   Environmental Information Administration (EIA), EI-20.

**Name of Representative:**        David B. Nolan, Esq.
                                   Law Offices of David B. Nolan
                                   8310 Wagon Wheel Road
                                   Alexandria, VA.  22309-2175
                                   Office: 703-780-1864
                                   Fax:     703-780-1434

3.     **CHRONOLOGY OF EEO COUNSELING:**

**Description of Alleged Discriminatory Events and Date Aggrieved Became
Aware of the Event:**

Ms. Dorothy Pritchett alleges that she has been a victim of ongoing harassment due to her age,
(DOB: 10/23/40), race (Black, African American), and sex (female) by Mr. Stephen F. Durbin,
Director, Office of Resource Management, Environmental Information Administration (EIA).
Ms. Dorothy Pritchett will be herein referred to as the Complainant and Mr. Durbin will be
herein referred to as the Responsible Management Official.

Ms. Prichett contacted the DOE's Office of Civil Rights and Diversity on May 24, 2006,  and
subsequently completed a Pre-complaint Counseling Intake Form on May 30, 2006.
See Attachment #1.

Page 2 - Pritchett

**Background:**

The Complainant met with this author on June 8, 2006, with her attorney/adviser Mr. David Nolan. Both rendered the following as perceived acts of discriminatory behavior/disparate treatment and another Intake Information Form and Rights and Responsibilities was completed. See Attachments #2 and #3.

The Complainant states that on May 24, 2006, she was the subject of a malicious slur about her age at a social gathering for a co-worker who was leaving DOE for a promotion opportunity at another Federal agency. See Attachment #4  She stated that the remark was directed toward her by Mr. Paul O. Staller, who is employed in DOE's Office of Resource Management under the supervision of the RMO.

Complainant states that although the RMO was not in attendance at this particular event, the RMO has at previous gatherings encouraged and supported remarks regarding ageism made by Mr. Staller and some younger members of the RMO's staff.  She stated that among other things, the RMO does not honor nor respect diversity or treat persons of various ethnicities in a respectful manner and that is why she has repeatedly asked to be reassigned from the office headed by the RMO.  See Attachment #5.

The Complainant states that she does not usually attend such social gatherings, however in this instance she attended the event because she wanted to be supportive toward the event's honoree, Ms. Davenia Harris. (Ms. Harris stated that she did not hear any disparaging remarks made against the Complainant by Mr. Staller.) The Complainant stated that Mr. Staller makes "insidious and ugly" remarks at social gatherings and it seems that he has no regard for the feelings of others, usually older females, at such events.

The Complainant stated that when she arrived at the event, the room was filled with managers and employees from the EIA. She states that as she entered the room, Mr. Staller stood right in front of her and said..."I have to respect my elders..." which made her feel that she was the object of "derision, ridicule and humiliation." She further stated that she felt the slur regarding her age was extremely upsetting and that it was directed toward her because she has pending EEO cases in the system that are based on age and race.  She continued by stating that had it not been because of her race (Black) and her age (over forty) that she would not have been subjected to public humiliation.  She continued by stating that there was another female at the event (former DOE employee, now retired) who is several years older than she and no remarks or slurs were made toward her; Complainant feels that no remarks were directed to this female because she is White.

Complainant states that the RMO has continually been involved in continuous violations against her as follows:

Page 3 - Pritchett

<u>Training, Position Description, Removal from Bonus Pool, Illegal Desk Audits:</u>
Complainant stated that she was formerly a Writer/Editor but that in 1997 she was reassigned to
the position of Program/Management Analyst. She states that she and forced to perform Human
Resources (HR) duties in the EIA headed by the RMO.

Complainant states that she was supervised by Mr. Barbara Hall, a Black female, who continually
created a "hostile work environment" for her (the Complainant). She stated that although her
duties had been drastically changed, neither her position description was changed nor did she
receive a SF-50 reflecting the change. She stated that she did the work of two (2) GS-13's and
was not recognized for the work she performed. Complainant stated that she was removed from
the bonus pool in 2001, and that she was the target of two (2) illegal desk audits.

Complainant states that Ms. Hall continually harassed her and feels that the harassment was a
direct result of her having filed EEO cases based on racial discrimination and retaliation. See
Attachments #6 and #7. She continues by stating that management was looking for a problem
with her and denied her proper training. The Complainant believes that management is trying to
force her to retire by continuing to support Mr. Staller, Ms. Hall, and others to harass her.

The Complainant states that she should be permitted to choose her own training, but is not
allowed to do so while other employees is EIA have the privilege of doing so. Additionally, the
Complainant states that prior to being given HR duties, her previous duties had been taken away
from her and given to Ms. Sharon Sutton, whom some office members think the RMO has some
romantic involvement. The Complainant says that since Ms. Sutton has received her former
duties, Ms. Sutton has been elevated from a GS-7 to a GS-11.

The Complainant and her attorney state that Mr. Staller makes sexist remarks and is demeaning
to older women. They state that the Complainant was "set-up" to be embarrassed at the cited
social event and that the RMO is bad manager and racist who was forced to attend EEO training
by DOE upper management as a result of his negative behavior toward employees. They state
that DOE is extremely aware of the RMO's reputation but chooses to ignore it. They state that
the RMO is an "assassin" who has railroaded people out of the government and has had
individuals fired.

The Complainant and her attorney have named two (2) former DOE EIA employees, Ms. Carolyn
Williams, and Mr. Joseph Santos as individuals who the RMO got had terminated. They state
that Ms. Williams filed an EEO complaint against the RMO who had her fired because he did not
prevail at the EEOC hearing, and that Mr. Santos was fired because he did not go along with
negative activities in the office.

The Complainant states that Ms. Hall was reassigned to a non-supervisory position and that she
is currently under the supervision of Ms. Vergina Gibson, with whom she has no problem.

Page 4 - Pritchett

The Complainant's Service Computation Date is 3/30/64. She was last promoted on 9/17/95, received her last within-grade increase on 9/05/04, and received her last Individual Cash Award on 11/27/05, in the amount of $1,629.00.

Interviews with Ms. Joseph Santos and Ms. Carolyn Williams:

**Ms. Santos:**

Mr. Santos stated that the RMO is a racist who continually discriminates against Black males, victimizes older women (Ms. Pritchett and Ms. Williams), and only deals with Blacks females with whom he can relate to sexually.

Mr. Santos stated that he was a student intern who had worked in the RMO's organization for approximately five (5) years and that he was terminated before his time was up. He states that he reported discriminatory behavior that was occurring in the EIA to DOE's Office of Civil Rights as well as to the Equal Employment Opportunity Commission (EEOC). He states that DOE does not follow the rules.

Mr. Santos stated that the RMO "manipulates the system" and uses people like Staller to do his dirty work and makes negative comments to his staff who are older females and Black males. Mr. Santos states that he was initially hired by Ms. Barbara Hall. He states that she exhibited a romantic interest in him and continually invited him to parties and made sexual advances toward him. He states that he continually rejected her advances but that she persisted. He states that he ignored her invitations to parties and that she would call him into her office to discuss his work projects and that she did so by sitting in front of him with her legs wide open.

Mr. Santos stated that Ms. Hall would cry on his shoulders and that he became more and more reluctant to go into her office. He said that while he did his job efficiently, he was forced to go into her office. Mr. Santos stated that Ms. Hall became angry with him because he continually rejected her and that is when the RMO stopped communicating with him, and only spoke to the younger Black females in the office.

Mr. Santos stated that the RMO uses Mr. Staller to do his dirty work, and that Mr. Staller would say that he is "proud to be a red neck." Mr. Santos stated that Mr. Staller always watched cartoons on his computer, that he is an alcoholic, is vulgar and cosntantly harasses and makes jokes about the Complainant.

Mr. Santos stated that he did a lot of work but was not recognized for his accomplishments. Mr. Santos repeated his comment that "DOE does not follow the rules", see Attachments #8 and #9, and stated that he believes the RMO is allowed to continue to behave inappropriately because he is a cousin of Senator Durbin of Illinois. Mr. Santos stated that he does not believe that Senator Durbin is aware of his cousin's egregious behavior.

Page 5 - Pritchett

Mr. Santos stated that the RMO wrote him off as a bad employee and devised a scheme to have him removed by asking him to submit proof of academic eligibility for his student intern status. Mr. Santos said that he complied expeditiously but that the RMO lied and said that he did not do so in a timely manner. Mr. Santos stated that the RMO constructively had him terminated in January 2005.

Mr. Santos stated that he has an EEO cases pending with EEOC and other agencies.

## Ms. Carolyn Williams:

Ms. Williams, Black Female, over age forty (DOB:11/02/49), stated that she has an EEO case pending with the EEOC. She states that she was assigned to the EIA in March 2002, initially as a GS-9. She states that she did Training Specialist work at the equivalent of a GS-11. She states that around November 2002 the RMO had her office downsized.

Ms. Williams stated that she was constantly harassed by Ms. Barbara Williams and when she complained to the RMO he responded to her that he didn't care if she filed an EEO complaint, it would only be dismissed.

Ms. Williams stated that the harassment toward her became overwhelming and that the RMO had said he would have her forced to be on sick leave. She says that when he said this she began to feel unwell and that Federal Occupational Health nurses were summoned to her office. She was told to see a doctor and that 911 was called and she was subsequently taken to Howard University Hospital. She stated that the RMO's behavior was so bad at this time that he was told to leave the area by the DOE's Security Officer. The RMO eventually did put her on forced sick leave for approximately six (6) months. Ms. Williams stated that when she returned Ms. Hall put her on a Performance Improvement Plan (PIP) and her "Q" clearance was taken away.

Ms. Williams states that she eventually filed an EEO complaint which resulted in an EEOC hearing. She states that Ms. Pritchett testified at that hearing but that the RMO became angry that he did not prevail at that hearing so he had her fired. She also states she feels the RMO gets away with his continual wrong doing because of being a relative of Senator Durbin of Illinois.

Mr. Williams stated that the RMO was accused of waste, fraud and abuse, and had excess money in his budget of approximately $60K. She stated that he engaged in racial profiling and bailed out his friends. Ms. Williams stated that the RMO hired an illegal alien, Ms. Isabel Ramos, from San Salvador who had no green card.

Ms. Williams states that in regard to Ms. Sharon Sutton, the RMO's alleged romantic interest, she (Sutton) was fired from DOE for substance abuse in 1993 and that the RMO brought her back. Ms. Williams says that Ms. Pritchett was threatened and that her job could be jeopardized. Ms. Williams stated that the RMO said that he "wanted a younger workplace."

Page 6 - Pritchett

Ms. Williams also stated that she felt sorry for Mr. Santos, that he was treated very badly and that Ms. Hall attempted to bribe him. Ms. Williams says she was fired from DOE constructively on May 3, 2002, under the design of the RMO.

**The Responsible Management Official (RMO):**

The RMO was interviewed and denied any and all alleged wrongdoing. He stated that he did not attend the social gathering the Complainant referred to and had not spoken to Mr. Staller. He stated that he would speak to Mr. Staller regarding the alleged incident. The RMO stated that the current supervisor of the Complainant, Ms. Vergina Gibson knows nothing of the Complainant's allegations, nor does Mr. Woomer who is no longer works in the EIA. See Attachment #10.

The RMO stated that the Complainant was given training within the last two (2) months and was given an award. He states that the Complainant's duties include workforce planning, analytical duties, and data collection. He further states that he has no day-to-day intervention with her and knows nothing about her allegation of "hostile work environment."

The RMO stated that the Complainant was given two (2) legal desk audits and that her attorney at the time (not Mr. Nolan) selected the contractor who performed the desk audit. He states that the results of the audit came back as a GS-9, and that Ms. Hall gave the Complainant GS-13 work to support her grade.

The RMO stated that the Complainant was given a second desk audit, and that audit came back as a part-time GS-9. He continued by stating that the Complainant was given HR duties to save her GS-13 and that she was ideally suited for the assignment.

The RMO states that he has no authority to reassign the Complainant, and that if she wants to be reassigned she has to seek out a position, i.e., go to personnel and ask if there is a position within DOE/HQ where she can be reassigned.

The RMO states that he has the ultimate responsibility of satisfying the EIA's needs and that he has critical positions that are vitally important to the mission and goals of the office and DOE. He states that he is not forcing her to retire and he needs her skills. He states that EIA makes an effort to retain employees because of their skills.

4.    **BASIS(ES) FOR ALLEGED DISCRIMINATION:**

| | | | | | | |
|---|---|---|---|---|---|---|
| 1. | (X) | Race, Black | 7. | ( ) | | Physical Handicap |
| 2. | ( ) | Color | 8. | ( ) | | Religion |
| 3. | ( ) | National Origin | 9. | (X) | | Reprisal (Prior EEO |
| 4. | (X) | Sex, Female | | | | Complaints/Activities) |
| 5. | (X) | Age, DOB: 10/23/40 | | | | |
| 6. | ( ) | Mental Handicap | | | | |

Page 7 - Pritchett

## 5.    REMEDY REQUESTED:

**The Complainant seeks the following:**

1. A permanent reassignment from EIA to another Departmental element in the Forrestal Building (Headquarters), Washington, DC.;
2. Assignment to a GS-14 (because two vacancies she applied for were canceled);
3. A Quality Step Increase for not being rated in FY04 w/back pay;
4. Reasonable attorney's fees @$180.00 per hour;
5. An Individual Development Plan (IDP) for the next five (5) years and a career ladder to the GS-15 level;
6. Damages for reimbursement of medical costs of $15,000.00 for job-related stress since 2000;
7. Compensation for improper exclusion from the bonus pool in 2000, 2001, 2002, 2003, and 2004;
8. An apology from the RMO for slurs made by Staller;
9. Compensatory damages in the amount of $30,000.00 plus interest due to being damaged from a financial standpoint during her employment in the Office of Resource Management, EIA.

## 6.    SUMMARY OF COUNSELOR'S INQUIRY:

The Complainant is a member of several protected classes: Black-African/American, Female, and over age forty (DOB: 10/23/40). The Complainant declined anonymity and mediation and is currently represented by Mr. David B. Nolan.

The initial remedial relief of the Complainant is to be reassigned to another office within the Headquarters of DOE in the Forrestal Building, however, the RMO states that it is not within his scope of responsibilities, duties, or authority to grant nor facilitate such a request. The Complainant has also requested other compensatory measures which could result in resolution as well as an apology for acts she has perceived were perpetrated again her. It is unclear at this writing as to whether resolution will come to fruition at this informal stage.

**Personal Contacts:**
The Complainant, Ms. Dorothy Pritchett
The RMO, Mr. Stephen F. Durbin
Mr. Joseph Santos
Mr. Carolyn Williams
Mr. Larry Town
Ms. Davenia Harris

Page 8 - Pritchett

**Documents Reviewed/Received:**
Attachment #1, DOE Pre-Counseling Intake Form: Pritchett, dated 5/30/06
Attachment #2, Intake Form: Pritchett, dated 6/08/06
Attachment #3, Complainant's Rights and Responsibilities Form, dated 6/12/06
Attachment #4, Complainant's Account of incident occurring 5/24/06
Attachment #5, DOE's response to Complainant's transfer request, dated 5/18/06
Attachment #6, Complainant's prior settlement agreement, initiated 10/93
Attachment #7, Complainant's prior settlement agreement, initiated 2/94
Attachment #8, DOE's EEO and Diversity Policy Statement, dated 8/11/05
Attachment #9, DOE's EEO and Diversity Policy Statement, dated 10/30/01
Attachment #10, E-mail dated 5/25/06 regarding Dan Woomer

Also:
OPF, Pritchett, Dorothy M.
OPF, Durbin, Stephen F.

**Date of Alleged Discrimination:**        **May 24, 2006**

**Date of Initial Contact:**        May 24, 2006 & May 30, 2006

**Date of Initial Interview:**        **June 8, 2006**

**Date of Notice of Rights
and Responsibilities:**        **June 12, 2006**

**Date of Final Interview:**        **June 22, 2006**

**Date Notice Received:**        **June 22, 2006**

**Date of Counseling Report:**        **June 23, 2006**

**Date Report Submitted:**        **June 26, 2006**

_____
Elsa N. Travers
EEO Counselor

_____        6/26/06
Dorothy M. Pritchett        Date

        6/26/06
        _____
        Sent via USPS, Certified
        Return Receipt Requested

<u>NOTICE OF FINAL INTERVIEW WITH EEO COUNSELOR</u>
and
<u>RIGHT TO FILE A FORMAL COMPLAINT OF DISCRIMINATION</u>

February 6, 2007

<u>CERTIFIED</u>

Ms. Dorothy Pritchett
2105 Second Street, NW
Washington, D.C.  20001

Date Issues Were First Raised: October 23, 2006
Date of Final Counseling Interview: February 5, 2007

Dear Ms. Pritchett:

This is to inform you that on the above-referenced date, the Final Counseling Interview was held in our effort to informally settle the allegations of discrimination which you presented to me as an EEO Counselor.

If you believe that you have been discriminated against on the basis of race, color, religion, sex, national origin, age, physical or mental disability, or reprisal, and you wish to pursue this matter further, you now have a right to file a formal complaint of discrimination pursuant to EEOC Regulation 29 C.F.R. Section 1614.106. If you desire to exercise your right to file a formal complaint, you must do so WITHIN 15 CALENDAR DAYS AFTER RECEIPT OF THIS NOTICE.

Your complaint must be in writing and should be filed in person or by mail with:

Office of Civil Rights and Diversity
Forrestal Building, Room 5B-168
1000 Independence Avenue, SW
Washington, DC 20585

Please submit your complaint on the enclosed form, DOE-F1600.1, "Complaint of Discrimination."

In order for a formal complaint of discrimination to be accepted and properly investigated, the allegations presented must be expressed as clearly as possible. Moreover, only allegations which were discussed in a timely manner with an EEO Counselor, or which are like or related to a matter that has been brought to the attention of a Counselor, will be accepted for investigation.

If you decide to file a formal complaint of discrimination and you retain the services of an attorney or any other representative, you must immediately notify the Director, Office of Civil Rights and Diversity, in writing, of the name and address of your representative. You may also wish to consider mediation of your complaint. Mediation is a risk-free process that may allow you to resolve your complaint quickly and with minimal stress. I have enclosed a brochure fully explaining the benefits of mediation. I hope you will read it carefully, and give serious consideration to joining the many DOE employees who have successfully used this process. (Please note that this alternative may not be available if you have previously mediated this complaint.)

PLEASE BE AWARE, HOWEVER, that requesting mediation does NOT toll the 15-day time limit for filing a formal complaint. If you wish to file a formal complaint, you MUST do so within the 15-day time limit, even if you also request mediation.

If I can be of any further assistance in this matter, please do not hesitate to contact me at (240) 413-0656.

Sincerely,

Kathryn Weathers Belger
EEO Counselor
Office of Civil Rights and Diversity


cc: David B. Nolan, Esq.
    8310 Wagon Wheel Road
    Alexandria, VA  22309


Enclosures:
    DOE-F1600.1
    Mediation Brochure

2

07-980
RBW

**I (a) PLAINTIFFS**  Joseph M. Santos
Dorothy Pritchett

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Wash. D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)  11001

**DEFENDANTS**  Samuel Bodman
Stephen F. Durbin

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Wash. D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David B Nolan, Law Offices of David B. Nolan
8310 Wagon Wheel Road, Alexandria, VA 22309
703-780-1864

Case: 1:07-cv-00980
Assigned To : Walton, Reggie B.
Assign. Date : 5/29/2007
Description: Employ. Discrim.

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
☐ Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

Ⓧ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZEN...**

...IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

NOT USA OR USAG

| □ **G.  Habeas Corpus/ 2255** | ☒ **H.  Employment Discrimination** | □ **I.  FOIA/PRIVACY ACT** | □ **J.  Student Loan** |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ **K.  Labor/ERISA (non-employment)** | □ **L.  Other Civil Rights (non-employment)** | □ **M.  Contract** | □ **N.  Three-Judge Court** |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor-Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS  □ ACTION UNDER F.R.C.P. 23   **DEMAND $** $310,000   Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES  □ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES  □ NO   If yes, please complete related case form.

DATE 5/27/07   SIGNATURE OF ATTORNEY OF RECORD   _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd